UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM JARTA HALL,<br><br>   Plaintiff,<br><br>     v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>   Defendants. | **Civil Action No. 16-00807 (CKK)** |

**MEMORANDUM OPINION**
(April 12, 2018)

Plaintiff William Jarta Hall brings this lawsuit against the District of Columbia ("the District") and Frederick Onoja, an officer of the District's Metropolitan Police Department ("MPD"). Plaintiff alleges that Officer Onoja assaulted and falsely arrested him. Plaintiff also alleges that, after his arrest, Officer Onoja fabricated evidence incriminating Plaintiff for crimes that he did not commit. Plaintiff asserts several common law causes of action, as well as claims under the Fourth and Fifth Amendments.

Presently before the Court is Defendants' [32] Motion for Judgment on the Pleadings as to Plaintiff's Fifth Amendment Claim, and the District's Partial Motion for Summary Judgment. The District moved for summary judgment on Plaintiff's constitutional claims against it on the grounds that Plaintiff has not adduced sufficient evidence of the District's municipal liability. Both Defendants also moved for judgment on the pleadings on Plaintiff's Fifth Amendment fabrication of evidence claim on the grounds that it "merges" with Plaintiff's Fourth Amendment claims.

1

Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court shall DENY both motions. The District's Motion for Summary Judgment is DENIED because it is MOOT. After this motion was filed, Plaintiff voluntarily dismissed his municipal liability constitutional claim against the District (Count 8). Defendants' Motion for Judgment on the Pleadings as to Plaintiff's Fifth Amendment claim (Count 7)—which, as a result of Plaintiff's voluntary dismissal of his constitutional claims against the District, is now argued only on behalf of Defendant Onoja—is also DENIED. Defendant Onoja concedes that a fabrication of evidence claim can be actionable under the Fifth Amendment. However, he contends that, on the particular facts of this case, such a claim "merges" with Plaintiff's Fourth Amendment claims because all of these claims are premised on the execution of Plaintiff's arrest. As discussed in more detail below, the Court disagrees with Defendant's interpretation of the relevant case law and his characterization of Plaintiff's claims. Because the alleged fabrication of evidence that underlies Plaintiff's Fifth Amendment due process claim is separate and distinct from his arrest, the Court finds that "merger" is not necessary or appropriate.

## I. BACKGROUND

Plaintiff alleges that on October 27, 2015, he was attacked without justification by Officer Onoja. Am. Compl., ECF No. 15, ¶ 7. Plaintiff claims that Officer Onoja grabbed him

---

[1] The Court's consideration has focused on the following documents:
- Defs.' Mot. for Judgment on the Pleadings and the District's Partial Mot. for Summary Judgment, ECF No. 32 ("Defs.' Mot.");
- Pl.'s Opp'n to Def. Onoja's Mot. for Judgment on the Pleadings, ECF No. 35 ("Pl.'s Opp'n); and
- Def. Onoja's Reply to Pl.'s Opp'n to Def.'s Mot. for Judgment on the Pleadings, ECF No. 36 ("Def.'s Reply").

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

from behind without provocation and proceeded to beat him. *Id.* To cover up this unjustified use of force, Plaintiff alleges, Officer Onoja arrested him on "trumped up" charges. *Id.* ¶¶ 26-29. Officer Onoja then allegedly "swore out a statement falsely claiming that [Plaintiff] assaulted him and threatened him and provided false evidence to the US Attorney who then charge and prosecuted [Plaintiff] for [assault on a police officer] and threats . . . to kidnap an officer." *Id.* The government ultimately dismissed all charges against Plaintiff. *Id.* ¶ 31.

In his Amended Complaint, Plaintiff asserted causes of actions for common law assault and false arrest against Defendants Onoja and the District. *Id.* ¶¶ 69-76, 83-90. He also asserted claims against Defendant Onoja under 42 U.S.C. § 1983 for violation of Plaintiff's Fourth Amendment rights (false arrest and use of unreasonable force) and Fifth Amendment rights (fabrication of evidence). *Id.* ¶¶ 77-82, 91-98. Finally, Plaintiff asserted a municipal liability claim under Section 1983 against the District. *Id.* ¶¶ 99-102.

The pending motions were filed after the discovery period closed. They have been fully briefed and are ripe for resolution.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." The standard for reviewing a motion for judgment on the pleadings is virtually identical to that applied to a motion to dismiss under Rule 12(b)(6). *See Haynesworth v. Miller,* 820 F.2d 1245, 1254 (D.C. Cir. 1987), *abrogated on other grounds by Hartman v. Moore,* 547 U.S. 250 (2006); *Jung v. Ass'n of Am. Med. Colleges,* 339 F.Supp.2d 26, 36 (D.D.C. 2004) ("[T]he standard of review for motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is essentially the same as that for motions to dismiss under Rule 12(b)(6)."). "The court is

3

limited to considering facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record." *Baumann v. D.C.*, 744 F. Supp. 2d 216, 222 (D.D.C. 2010).

## III. DISCUSSION

There are two motions before the Court, but one need only be addressed briefly. The District has filed a Motion for Summary Judgment on Plaintiff's constitutional claims against it, arguing that Plaintiff has not adduced sufficient evidence of the District's municipal liability. The District's Motion for Summary Judgment has been rendered moot. After that motion was filed, the parties agreed to dismiss Plaintiff's municipal liability claim (Count 8) against the District with prejudice. *See* Joint Praecipe of Partial Dismissal Only as to Municipal Liability Claim (Count 8), ECF No. 34. That claim is DISMISSED, and the District's Motion for Summary Judgment is DENIED as MOOT.

Accordingly, all that is left for the Court to consider at this time is Defendant Onoja's Motion for Judgment on the Pleadings on Plaintiff's Fifth Amendment claim (Count 7). At the threshold, the Court notes that Plaintiff makes several arguments in his opposition to this motion that Defendant Onoja does not appear to dispute. First, Plaintiff argues that he has pled sufficient facts to put Defendant on notice of his Fifth Amendment claim. Pl.'s Opp'n at 2-3. Defendant concedes this point. Def.'s Reply at 3. Second, Plaintiff argues that fabrication of evidence claims are generally cognizable under the Fifth Amendment. Pl.'s Opp'n at 4. Defendant concedes this as well. Def.'s Reply at 3 ("Defendant Onoja does not contend that a fabrication of evidence claim can never be pursued under the Fifth Amendment."). Finally, Plaintiff argues that an individual need not have been convicted on the basis of false evidence in order to be able to state a due process claim for fabrication of evidence. Pl.'s Opp'n at 5-6.

4

Defendant has not argued that Plaintiff's Fifth Amendment claim must be dismissed because Plaintiff was not ultimately convicted. Regardless, although it is not aware of any authority from this Circuit on the issue, the Court agrees with Plaintiff that the "majority view" is that conviction is not required. *See Cole v. Carson*, 802 F.3d 752, 768-71 (5th Cir. 2015), *cert. granted, judgment vacated sub nom. Hunter v. Cole*, 137 S. Ct. 497 (2016) (discussing case law from each circuit); *Black v. Montgomery Cty.*, 835 F.3d 358, 369 (3d Cir. 2016) ("a stand-alone fabrication of evidence claim can proceed if there is no conviction").

Defendant's argument is narrow: he argues that Plaintiff's Fifth Amendment claim should be dismissed on the pleadings only because it "merges" with Plaintiff's Fourth Amendment claims. Defs.' Mot. at 5. More specifically, Defendant argues that "Plaintiff's Fifth Amendment claim . . . is properly analyzed under the Fourth Amendment, as the claim is predicated exclusively upon allegations of an alleged false arrest and fabrication of evidence related to that arrest." *Id.*

The Court disagrees. Plaintiff's fabrication of evidence claim is appropriately asserted under the Fifth Amendment, and no "merger" is required. The two Supreme Court opinions Defendant cites, when carefully read, do not actually support Defendant's position in this case. The first of those opinions is *Graham v. Connor*, 490 U.S. 386 (1989). In that case, the Supreme Court held that a claim for excessive force in the context of an arrest or investigatory stop is properly analyzed under the Fourth Amendment's "objective reasonableness" standard, not a Fifth Amendment substantive due process standard. *Id.* at 388. The plaintiff in *Graham* alleged that police officers used excessive force while making an investigatory stop. *Id.* at 390. The Supreme Court was asked to decide what standard should be applied to that claim. The Court stated that "*all* claims that law enforcement officers have used excessive force—deadly or not—

in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Id.* at 395 (emphasis in original). It explained that "[b]ecause the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Id.*

The second Supreme Court opinion Defendant relies upon is *Albright v. Oliver*, 510 U.S. 266 (1994). In that case, the Supreme Court held that there is no "substantive right under the Due Process Clause of the Fourteenth Amendment to be free from criminal prosecution except upon probable cause." *Id.* at 268. The plaintiff in *Albright* had been arrested for the sale of a substance that looked like an illegal drug, but the charges were later dismissed because they did not state an offense under Illinois law. *Id.* The plaintiff then sued the police officer to whom he had surrendered, claiming that the officer had "deprived [plaintiff] of substantive due process under the Fourteenth Amendment—his 'liberty interest'—to be free from criminal prosecution except upon probable cause." *Id.* at 269. On appeal from the dismissal of the lawsuit, the Supreme Court held that "it [was] the Fourth Amendment, and not substantive due process, under which petitioner Albright's claim must be judged." *Id.* at 271. Quoting *Graham*, the *Albright* Court reasoned that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'" *Id.* at 273 (quoting *Graham,* 490 U.S. at 395). The Court held that the

6

Fourth Amendment was the appropriate lens through which to consider plaintiff's allegation that he had been deprived of his liberty by a prosecution without probable cause. *Id.* at 274.

The holdings of these cases do not require the dismissal of Plaintiff's Fifth Amendment claim. Unlike in *Graham*, Plaintiff does not ask this Court to apply a Fifth Amendment substantive due process standard to an excessive force claim. Plaintiff's Fifth Amendment claim is not based on Officer Onoja's alleged use of excessive force (or other improper conduct) before or during Plaintiff's arrest. And unlike in *Albright*, Plaintiff does not assert a general substantive due process right to be free from prosecution without probable cause. Plaintiff's claim is not based on his generally having been prosecuted absent probable cause, but instead on Plaintiff's allegation that Officer Onoja *purposefully* created false evidence incriminating Plaintiff to be used in his prosecution. Plaintiff asserts no Fourth Amendment claim based on these particular facts. Neither *Graham* nor *Albright* address this situation, and several courts have held that Fifth Amendment claims based on similar facts are indeed actionable. *See, e.g.*, *Cole*, 802 F.3d at 766 (affirming district court's refusal to dismiss due process fabrication of evidence claim against police officer who allegedly lied and concealed evidence to protect other officers accused of using excessive force in violation of the Fourth Amendment, noting that *Albright* did not preclude such a claim, and citing cases).

The district court opinions from this Circuit that Defendant relies upon are similarly distinguishable.[2] Defendant primarily relies on *Matthews v. D.C.*, 730 F. Supp. 2d 33 (D.D.C. 2010). In that case, plaintiffs alleged that MPD officers had unlawfully strip searched them. *Id.*

---

[2] *Jones v. Perez*, No. 3:16-CV-2835-D, 2017 WL 4238700 (N.D. Tex. Sept. 25, 2017), also does not help Defendant. The court in that case determined that no Fifth Amendment fabrication of evidence claim was available to the plaintiff because he "adduced no evidence that [the defendant detective] intentionally fabricated evidence in order to frame" the plaintiff. *Id.* at *11. Plaintiff in this case alleges intentional fabrication.

at 34. They sued the District for constitutional violations pursuant to Section 1983, claiming that their First, Fourth and Fifth Amendment rights had been violated. *Id.* at 35-36. The *Mathews* court concluded that plaintiffs could not state a claim under the Fifth Amendment. *Id.* It reasoned:

> Where a section 1983 claim alleging police misconduct "arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment, . . . rather than under a 'substantive due process' approach [of the Fifth Amendment]." *Graham v. Connor,* 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Here, plaintiffs' Fifth Amendment claim is predicated entirely on the detention and strip search of plaintiffs. Compl. ¶ 62(c) ("The public strip and cavity searches of Plaintiffs deprived Plaintiffs of their right to liberty without due process of law, in violation of the Fifth Amendment."). Plaintiffs' Fifth Amendment claim, then, merges with their Fourth Amendment claim.

*Id.*

A similar result was reached in *Harvey v. Kasco*, 109 F. Supp. 3d 173 (D.D.C. 2015). In that case, plaintiff alleged that a police officer assaulted him ("throwing him onto the hood of a police car, slamming him to the ground, pulling his hair, and pressing a knee into his back while cursing and taunting him") and then arrested and booked him. *Id.* at 175. No charges were filed and plaintiff was later released. *Id.* The plaintiff filed suit against the District and the officer for, among other things, violating his First, Fourth, and Fifth Amendment rights. *Id.* Relying on *Mathews*, the court in *Harvey* dismissed plaintiff's Fifth Amendment claim because it "merged" with his Fourth Amendment claim. *Id.* at 177-78. It held that police misconduct claims arising out of an arrest or investigatory stop are properly brought under the Fourth Amendment, not as substantive due process claims under the Fifth Amendment. The *Harvey* court reasoned that the plaintiff's Fifth Amendment claim was therefore improper because his "allegations relate[d] solely to the contention that MPD officers illegally detained and arrested him." *Id.* at 177.

8

In sum, the plaintiffs in both *Mathews* and *Harvey* sought to base a Fifth Amendment due process claim on police misconduct that occurred during their arrests—the same misconduct that served as the foundation for those plaintiffs' Fourth Amendment claims. Such Fifth Amendment claims are foreclosed by *Graham*. This case is different. Plaintiff in this case asserts claims related to police misconduct associated with his arrest under the Fourth Amendment, as the *Graham*, *Mathews* and *Harvey* courts have held is appropriate. *In addition* to those claims, Plaintiff also asserts a Fifth Amendment fabrication of evidence claim related to conduct that occurred after his arrest—*i.e.*, that Officer Onoja allegedly purposefully created false evidence and provided it to the United States Attorney to aid in the prosecution of Plaintiff for a crime that he did not commit. Am. Compl. ¶¶ 94-98. This alleged fabrication occurred after, and is distinct from, the allegedly improper arrest upon which Plaintiff's Fourth Amendment claims are based. Accordingly, Plaintiff is not, as Defendant argues, getting a "second bite at the constitutional apple" by asserting both Fourth Amendment claims and a Fifth Amendment substantive due process claim based on the same set of facts. Def.'s Reply at 8. Because Plaintiff's Fifth Amendment claim does not "merge" with his Fourth Amendment claims, Defendant's Motion for Judgment on the Pleadings is DENIED.

## IV. CONCLUSION

For the foregoing reasons, the District's Partial Motion for Summary Judgment and Defendant Onoja's Motion for Judgment on the Pleadings as to Plaintiff's Fifth Amendment Claim are both DENIED. An appropriate Order accompanies this Memorandum Opinion.

                                                   /s/
                                       COLLEEN KOLLAR-KOTELLY
                                       United States District Judge